UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER COOLEY, : | Case No.: 20-CV-6172 |
| Plaintiff, : | |
| -vs- : | |
| LCZJ, Inc., : | **PLAINTIFF CHRISTOPHER COOLEY'S COMPLAINT** |
| and : | |
| SUBHAN786 Incorporated, : | |
| and : | |
| JOHN DOE 1, | |
| Defendants. | |

### INTRODUCTION

1. Plaintiff Christopher Cooley brings this action pursuant to 42 U.S.C. § 12182, because John Doe 1 and other employees of LCZJ, Inc., and/or SUBHAN786 Incorporated, doing business as a Sunoco gas station (hereafter "Station") denied Mr. Cooley reasonable accommodation in violation of the Americans with Disabilities Act ("ADA") when Mr. Cooley entered the Station with his guide dog and was subjected to negative comments by John Doe 1 for having the service dog, was told he could not have his service animal in the place of public accommodation.

2. Christopher Cooley is an individual with a disability who uses a guide dog for assistance with his major life activities. Mr. Cooley entered the Station located at 1690 South High

1

Street; Columbus, Ohio 43207, with his guide dog to purchase food and drinks. Upon entering the Station and beginning his shopping, Doe 1, an employee of the store, demanded that Mr. Cooley leave the premises because he had a dog. Mr. Cooley, despite having no obligation under the ADA to do so, explained that the animal is a service animal, but Doe 1 responded by simply shaking his head so as to indicate "no."

## Parties

3. Christopher Cooley is a citizen and resident of Ohio. Christopher has both vision and hearing impairments, which are qualifying disabilities under the ADA. *See* 42 U.S.C. 12102(2)(A). Because Christopher has severe hearing and vision impairments, he heavily relies on the assistance of his guide dog Larkin. Larkin is a "service animal" as defined in 28 C.F.R. § 36.104.

4. Upon information and belief, LCZJ, Inc., and SUBHAN786 Incorporated, are Ohio corporations, conducting business in Ohio. Upon information and belief, LCZJ, Inc., and SUBHAN786 Incorporated, own and operate the Station.

5. Upon information and belief, Doe 1 is an unidentified employee of either or both LCZJ, Inc., and SUBHAN786 Incorporated, working at the Station.

6. Doe 1 denied Christopher equal access to the Station, a place of public accommodation on the day in question, July 17, 2020. Plaintiff intends to amend this Complaint and identify Doe 1 once identity can be ascertained through discovery.

7. Plaintiff believes that there are other unidentified parties relevant to this case, including, but not limited, to suppliers, owners, and other entities related to the Station's operations.

Plaintiff intends on amending this Complaint once the existence and identity of these additional defendants has been established.

## Jurisdiction and Venue

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this is a case or controversy arising under federal law.

9. This Court has supplemental jurisdiction over the state law claims because this Court has original jurisdiction over the related claims alleged in Count I. *See* 28 U.S.C. § 1367.

10. Venue is proper in this court because the incidents giving rise to this controversy occurred in this judicial district.

## Factual Background

11. On July 17, 2020, Christopher and Christopher's service animal, Larkin, a two-year-old golden retriever, entered the Station to purchase food and drinks.

12. Upon entering the store, Doe 1 indicated that Mr. Cooley could not be in the building and make use of the place of public accomodation with the service animal.

13. Christopher explained to Doe 1 that Larkin was a "service animal."

14. Upon hearing this, Doe 1 persisted (with a visual cue) that Mr. Cooley could not be inside the station with the service animal.

15. Christopher immediately left the store.

16. This type of behavior is prohibited by the ADA and state law.

### COUNT I: TITLE III OF THE AMERICANS WITH DISABILITIES ACT

17. Each of the preceding paragraphs is hereby incorporated by reference as if fully set forth herein.

18. Upon entering the Station, which is open to the public, and being told by Doe 1 that he could not enter the premises with a dog, Christopher explained that the dog is a service animal.

19. Doe 1 was an employee acting as an agent of LCZJ, Inc., and/or SUBHAN786 Incorporated.

20. While the ADA permits places of public accommodations to make a "legitimate inquiry" regarding the nature of the service animal and its qualifications, the exchange between Christopher and Doe 1 was not a legitimate inquiry.

21. ADA Title III requires employees to engage in reasonable accommodations for disabled individuals. 42 U.S.C. § 12182; 28 C.F.R. § 36.104.

22. Christopher was denied a reasonable accommodation.

23. Christopher lives near Columbus, Ohio and regularly visits the area--having lived in Columbus, Ohio for more than 10 of the last 20 years, and Christopher intends on returning to the Station.

24. Defendants' acts and omissions are in violation of the equal access and nondiscrimination requirements set forth in Title III of the ADA and the regulations promulgated thereunder, and have resulted in injury to Christopher.

25. By engaging in the conduct described above, Defendants have intentionally discriminated against Christopher.

26.  Because of the conduct of the Defendants, Plaintiff has been damaged, and he is entitled to injunctive relief from Defendants.

27. Due to the unlawful discriminatory conduct of Defendants, Plaintiff is also entitled to reasonable attorneys' fees.

### COUNT II: DISABILITY DISCRIMINATION UNDER OHIO LAW

28. Each of the preceding paragraphs is hereby incorporated by reference as if fully set forth herein.

29. Plaintiff Christopher Cooley is a qualified individual with disabilities as defined under O.R.C. § 4112.01(A)(13) *et seq*.

30. Defendants intentionally, willfully, and wantonly discriminated against Christopher by denying him the full enjoyment of a place of public accommodation, as defined by O.R.C. § 4112.01(9), due to his disabilities, in violation of O.R.C. § 4112.02(G).

31. As a direct and proximate result of Defendants' discriminatory conduct, Christopher has been damaged, and he is entitled to compensation from Defendants for all damages caused by Defendant's unlawful discriminatory conduct, pursuant to O.R.C. § 4112.02.

32. In addition, because Defendants intentionally discriminated against Plaintiff, he is entitled to reasonable attorneys' fees.

### COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33. Each of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

34. Defendants' refusal to permit Christopher access to the Station were in negligent and reckless disregard of Christopher's physical and emotional well-being and caused severe mental and emotional distress, humiliation, and anxiety.

35. As a direct and proximate result of Defendants' actions, Christopher has suffered and will

continue to suffer humiliation, mental and emotional anguish, anxiety, and physical pain and distress.

36. Defendant is also entitled to punitive damages in an amount to be determined at trial.

### COUNT IV: NEGLIGENT HIRING, RETENTION, AND/OR SUPERVISION

37. Each of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

38. Doe 1 acted within the scope of his employment during the acts giving rise to this matter.

39. Defendants negligently and/or recklessly supervised and trained their agents/employees in their activities of providing reasonable accommodations to disabled customers.

40. Defendants negligently and/or recklessly permitted, and/or failed to prevent, the unreasonable activity by their agent, Doe 1.

41. As a result of this tortious activity, Plaintiff has been, and continues to be, damaged in an amount to be determined at trial.

42. Christopher is also entitled to punitive damages in an amount to be determined at trial.

## Jury Demand

Plaintiff demands a jury trial of all issues so triable.

## Prayer for Relief

WHEREFORE, the Plaintiffs demand that this Honorable Court order relief as follows:

a. Declare that Defendants' acts and omissions complained of herein denied Plaintiff full use and enjoyment of a place of public accommodation in violation of Title III of the Americans with Disabilities Act and regulations thereunder as alleged in the Complaint;

b. Issue a permanent injunction to require Defendants to comply with the Americans with Disabilities Act of 1990 with respect to providing individuals with disabilities full and equal access to its gas stations;

c. Issue a permanent injunction to require Defendants to refrain from discriminating against individuals with disabilities who visit their gas stations;

d. Enter a judgment finding Defendants have violated federal and Ohio law as set forth above;

e. Award Plaintiff an amount to be determined at trial for humiliation, embarrassment, loss of reputation, loss of self-esteem, emotional distress, and pain and suffering;

f. Award Plaintiff compensatory damages;

g. Award Plaintiff punitive damages;

h. Award Plaintiff his attorneys' fees, litigation expenses and costs; and

i. Grant such further relief as this Court deems equitable and just.

Dated:   December 02, 2020	Respectfully submitted,


	/s/ Alexander J Darr
	Alexander J. Darr (0087102)
	Schuerger Law Group
	1001 Kingsmill Parkway
	Columbus, Ohio 43229

	312-857-3277
	F: 855-225-3277
	Darr@Darr.Law

	*Trial Attorney for Plaintiff,*
	Christopher Cooley