IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER COOLEY,**

        **Plaintiff,**

   v.

**LCZJ, Inc., et al.,**

        **Defendants.**

Civil Action 2:20-cv-6172
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Stipulation of Dismissal or, alternatively, Motion to Dismiss. Plaintiff's unopposed Motion (Doc. 70) is **GRANTED**.

**I.**    **BACKGROUND**

Plaintiff brought this lawsuit after he allegedly was denied access to a gas station building due to his use of a service animal. (Doc. 45, ¶ 1). He named as Defendants the parties who own and operate the gas station (LCZJ, Inc., and Subhan786 Incorporated) and other purportedly liable parties (Free Enterprises Incorporated; Sunoco, LLC; Sunoco Retail, LLC). (Doc. 45, ¶¶ 4–5, 7–25). Plaintiff sought a permanent injunction requiring Defendants to comply with Title III of the Americans with Disabilities Act ("ADA"), and brought state-law negligence and disability discrimination claims under the Court's supplemental jurisdiction. (*Id.*, ¶¶ 35–64 ).

On August 3, 2022, counsel for Defendants moved to withdraw as counsel. (Doc. 58). The Court granted the motion and ordered Defendants to enter an appearance of new counsel by September 6, 2022. (Doc. 59). Shortly thereafter, Defendants Sunoco, LLC and Sunoco Retail, LLC (collectively "Sunoco Defendants") entered an appearance of counsel. (Doc. 63). To date, no counsel has appeared for remaining Defendants, LCZJ, Inc., Subhan786 Incorporated, and Free Enterprises Incorporated ("unrepresented Defendants").

Plaintiff and Sunoco Defendants jointly stipulate that Plaintiff's claims against all Defendants are dismissed with prejudice. (Doc. 70). In the alternative, they move to dismiss pursuant to Rule 41(a)(2). The matter is ripe for review.

## II. STANDARD

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals. It says that once an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss an action only upon stipulation "signed by all parties who have appeared[,]" Fed. R. Civ. P. 41(a)(1)(A)(ii), or "by court order, on terms that the court considers proper[,]" Fed. R. Civ. P. 41(a)(2).

The decision to dismiss a case under Rule 41(a)(2) falls "within the sound discretion of the district court." *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019) (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). The purpose of the Rule is to "protect the nonmovant from unfair treatment." *Id.* (citing *Grover*, 33 F.3d at 718). In exercising its discretion, the Court must consider whether the defendant would suffer "plain legal prejudice" if the motion were granted. *Grover*, 33 F.3d at 718.

## III. DISCUSSION

Plaintiff and Sunoco Defendants stipulate that "Plaintiff's claims and causes of action against all Defendants are dismissed with prejudice." (Doc. 70). Alternatively, they move to dismiss under Rule 41(a)(2). (*Id.*).

Here, the parties cannot stipulate to dismissal. Rule 41(a)(1)(A)(ii) provides that a plaintiff may voluntarily dismiss an action after an answer or motion for summary judgment by filing a stipulation of dismissal "signed by all parties who have appeared." Because Sunoco Defendants are the only Defendants currently represented by counsel, they are the only Defendants to have signed the stipulation of dismissal. (*See id.* at 2). But the unrepresented Defendants have

previously been represented. Thus not "all parties who have appeared" have signed the stipulated dismissal. So dismissal by Court order under Rule 41(a)(2) is necessary.

Dismissal is appropriate here. The most important inquiry is whether Defendants would suffer plain legal prejudice if dismissal were granted. *Grover*, 33 F.3d at 718. Because dismissal is with prejudice, the Court concludes that no Defendant would suffer plain legal prejudice. In fact, Sunoco Defendants do not oppose the dismissal and instead jointly stipulated to it. (Doc. 70). As to the unrepresented Defendants, they elected not to file a notice of appearance of counsel by the Court's deadline. (Doc. 59). So the Court finds they have chosen not to object to the Motion. Moreover, because the dismissal is with prejudice, the Court finds no reason to conclude that dismissal would harm any Defendant. In sum, the dismissal will not prejudice any Defendant, and the Motion to Dismiss (Doc. 70) is **GRANTED**.

### IV. CONCLUSION

For the above reasons, Plaintiff's Motion to Dismiss (Doc. 70) is **GRANTED**.

IT IS SO ORDERED.

Date: September 7, 2022
s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE